UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 13-20510
                                                       Hon. Mark A. Goldsmith

vs.

BRANDON WHITFORD,

       Defendant.

_____/

**ORDER
DENYING DEFENDANT BRANDON WHITFORD'S MOTION FOR
RECONSIDERATION (Dkt. 44)**

This matter is before the Court on Defendant Brandon Whitford's motion for reconsideration (Dkt. 44) of the Court's Opinion denying his motion for compassionate release (Dkt. 42). The Court found that while Whitford may have an elevated risk of developing the more severe symptoms of COVID-19, his age, access to medical services, and the low number of positive COVID-19 cases at his facility did not warrant his release. 5/21/20 Op & Order at 4 (Dkt. 44). Whitford now moves for reconsideration of that Opinion.

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally, . . . the court will not grant motions for rehearing or

reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

The main thrust of Whitford's motion is that other courts in this district have granted compassionate release to inmates who have similar medical conditions to his own. Mot. ¶¶ 2-17. The Government filed a response noting that the cases cited by Whitford are all non-binding, and it argues that it is not surprising that different district court judges come to different results based on a case by case analysis. Resp. at 4-5 (Dkt. 48). In his reply brief, Whitford acknowledges that he is relying on persuasive authority, but he nonetheless argues that the force of the arguments presented in the cases he cites demonstrates a palpable defect in this Court's prior ruling. Reply ¶ 2 (Dkt. 57). The Government has the better part of the argument.

The Court has already considered persuasive authority in its opinion denying Whitford's motion. See 5/21/20 Op & Order at 4-5 (distinguishing United States v. Kelly, Case No. 13-cr-59-CWR-LRA-2, 2020 WL 2104241 (S.D. Miss. May 1, 2020)). And the persuasive authority upon which Whitford relies does not alter that analysis given the facts, not the legal arguments, in those cases. See United States v. Saad, No. 16-20197, 2020 WL 2251808, at *6 (E.D. Mich. May 5, 2020) (granting compassionate release to a 71 year old inmate with chronic kidney disease, hypertension, pulmonary hypertension, sleep apnea, and possibly bladder cancer); see also United States v. Doshi, No. 13-cr-20349, 2020 WL 2556794, at *3 (E.D. Mich. May 20, 2020) (granting compassionate release to a 64 year old inmate with, among other things, diabetes, asthma, and hypertension); United States v. White, No. 13-cr-20653-1, 2020 WL 2557077, at *5 (E.D. Mich. May 20, 2020) (granting compassionate release due to worsening medical conditions of hypertension and obesity and a severe outbreak of COVID-19 at Milan FCI); United States v. Atwi, No. 18-20607, 2020 WL 1910152, at *5 (E.D. Mich. Apr. 20, 2020) (granting compassionate

release to inmate sentenced to a four month custodial sentence who contracted latent tuberculosis); Miller v. United States, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) (granting compassionate release to inmate with coronary artery disease, COPD, hypertension, hepatitis C, liver cancer, heart disease, and cirrhosis of the liver).  Whitford merely presents the same issues already ruled upon by the court.[1]

Therefore, because Whitford has not identified a palpable defect that misled the Court such that correcting the defect would have resulted in a different disposition of his motion, E.D. Mich. LR 7.1(h)(3), Whitford's motion for reconsideration (Dkt. 44) is denied.

SO ORDERED.

Dated: September 21, 2020          s/Mark A. Goldsmith
       Detroit, Michigan           MARK A. GOLDSMITH
                                   United States District Judge

---

[1] In letters submitted in support of his motion (Dkts. 58, 59), Whitford also addresses the Government's position with respect to his medical conditions and he notes the current number of COVID-19 cases at his facility.  The Court already found in Whitford's favor on his medical conditions, and the current cases of COVID-19 in Whitford's facility do not present a palpable defect in the Court's prior ruling.